IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 96-60841
Summary Calendar

————————————

LAVEAL MCGHEE,

Plaintiff-Appellant,

versus

SUSIE BRADSHAW; JULIE A. EPPS,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:96-CV-106BrS
- - - - - - - - - -
September 5, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:*

Laveal McGhee (#37135), a state prisoner, has appealed the dismissal of his civil rights complaint as frivolous. An in forma pauperis complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993) (applying former § 1915(d)); see also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Section 1915(e) dismissals are reviewed for abuse of discretion. Id.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the district court neither sent McGhee a questionnaire nor held a <u>Spears</u> hearing, McGhee did not have an opportunity to clarify his allegations in the district court. Thus, this court must determine whether McGhee's allegations, if developed further, "might have presented a nonfrivolous section 1983 claim." <u>Eason v. Thaler</u>, 14 F.3d 8, 9 (5th Cir. 1994); <u>see</u> <u>Denton</u>, 504 U.S. at 32.

In order to state an arguable claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States. <u>Leffall v. Dallas</u> <u>Indep. Sch. Dist.</u>, 28 F.3d 521, 525 (5th Cir. 1994). McGhee's claims implicate his constitutional right of access to the courts. <u>See</u> <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977).

McGhee contends that the district court erred in dismissing his action against Epps on the ground that, as a private attorney, Epps is not a state actor for purposes of § 1983. "[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." <u>Mills v.</u> <u>Criminal Dist. Court No. 3</u>, 837 F.2d 677, 679 (5th Cir. 1988). However, "private attorneys who have conspired with state officials may be held liable under section 1983 even though the state officials with whom they conspire are themselves immune from suit . . . ." <u>Id.</u> McGhee contends on appeal that Epps and

2

Bradshaw conspired to deprive him of the documents he needed to pursue habeas relief. McGhee's complaint, if liberally construed, alleges the existence of a conspiracy between Bradshaw and Epps to deprive McGhee of his right of access to the courts. The allegation of a conspiracy is not "irrational or the wholly incredible." Moore, 976 F.2d at 270.

McGhee contends that the district court erred in dismissing his claim against Bradshaw on grounds of absolute immunity. It is unclear whether McGhee is alleging that Bradshaw was acting in a non-routine matter under the command of a court decree or at the direction of a judge. If so, she would be entitled to absolute immunity. See Williams v. Wood, 612 F.2d 982, 984-85 (5th Cir. 1980). If Bradshaw were acting on routine matters within the scope of her employment as a court clerk, however, she would be entitled to qualified immunity only. Id. We cannot determine whether the district court applied the wrong legal standard in resolving this claim. See Moore, 976 F.2d at 270.

The district court's dismissal of McGhee's complaint was premature. The order of dismissal is VACATED and the case is REMANDED for further proceedings in accordance with this opinion.

VACATED AND REMANDED.